RANDALL–ALLEN v. LEWIN et al. *
(No. 6917.)

(Court of Civil Appeals of Texas. Austin. Feb. 3, 1926. Rehearing Denied March 24, 1926.)

Mortgages ⬨⟹25(6)—Evidence held to show that note secured by trust deed and sought to be enforced by payee was given payee individually for half interest in plumbing business and not merely as partnership asset for credit basis.

Where payee sought to enforce note and to foreclose deed of trust securing it, evidence *held* to show that note and deed were given to payee individually for half interest in plumbing business, and were not unenforceable as mere collateral undertaking to constitute partnership asset and as basis for credit.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Suit by Mrs. Ora D. Randall-Allen against Morris S. Lewin and others, wherein cross-actions were instituted. Judgment for defendant against plaintiff, and the latter appeals. Affirmed.

---

⬨⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction May 19, 1926.

J. S. Simkins, of Corsicana, for appellants.

J. S. Callicutt, of Corsicana, and Currie McCutcheon, of Dallas, for appellee Lewin.

J. S. Callicutt, and Davis & Jester, all of Corsicana, for appellee First State Bank of Corsicana.

BLAIR, J. Although the original proceedings instituted on February 8, 1918, by Mrs. Ora D. Randall was to obtain a temporary injunction restraining the collection of a note for the sum of $1,000, dated April 18, 1917, payable on or before three years after date, with 8 per cent. interest due semiannually, executed by the said Mrs. Ora D. Randall and her minor son, John P. Randall, to Morris S. Lewin, and to restrain Lewin from foreclosing a deed of trust on certain real estate situated in the city of Corsicana, Tex., which was executed by Mrs. Randall to secure the note, under the final proceedings and judgment in the case the suit resolves itself into one against the makers upon that note and to foreclose the deed of trust securing it. Judgment was rendered for John P. Randall upon his plea of minority, and as to this no complaint is made here.

Mrs. Randall was a widow when she executed the note and deed of trust and when the injunction proceedings concerning them were filed by her, but having since married to C. D. Allen, who was made a party pro forma, the judgment was therefore rendered against her as Mrs. Ora D. Randall-Allen.

Mrs. Randall's defense to the note on this appeal is that it was executed in connection with a partnership agreement between the said Morris S. Lewin and her minor son, John P. Randall, to engage in the plumbing business in the city of Corsicana under the firm name of Corsicana Plumbing Company, and "was purely a collateral undertaking and was given for the purpose of constituting a partnership asset and to operate as a basis of credit for said Corsicana Plumbing Company, and that the same was executed by the appellant Mrs. Ora D. Randall-Allen merely to guarantee the performance by said appellant, John P. Randall, of his part of said partnership undertaking to the extent of $1,000."

Various cross-actions were asserted by the parties to this suit against each other, but at the conclusion of the testimony they were disposed of either upon the plea of minority or limitation, and no complaint is made here concerning them. The trial judge also instructed a verdict for Morris S. Lewin upon the note in suit against Mrs. Ora D. Randall-Allen, it being his view that the evidence conclusively showed that the $1,000 note was a direct and absolute undertaking on the part of the makers to the said Morris S. Lewin, and that it was given in payment of an interest acquired in said plumbing business, and that the note was the individual property of Lewin, and constituted no part of the assets of said partnership.

The sole question here is whether there was sufficient evidence offered by appellants in support of the defense pleaded to take the same to the jury. We have concluded that the evidence clearly and conclusively supports the trial court's action in instructing a verdict and rendering judgment thereon.

The statement of facts in the case covers 110 typewritten pages, most of which relates to the causes on cross-action asserted by various parties to this proceeding which went out of the suit upon limitation pleas. The testimony is also rather confusing because the separate transactions inquired into were not clearly segregated on the trial of the case. We think the material facts are as follows:

On April 18, 1917, Morris S. Lewin and John P. Randall entered into a written partnership agreement to carry on a plumbing business at Corsicana, Tex., Randall being at that time under the age of 21 years. According to the articles of agreement Randall was to put $1,000 into the business. Randall did not have this amount of money, so he and his mother executed the note in question to Lewin, and Mrs. Randall executed a deed of trust of even date with the note on certain described property in the city of Corsicana to secure it. The note is in part as follows:

"$1,000.00.          Dallas, Texas, April 18, 1917.

"On or before three years (3) * * * after date we promise to pay to M. S. Lewin or order the sum of one thousand dollars ($1,000.00) with interest thereon from date until paid at the rate of eight per centum per annum, the interest payable semi-annually as it accrues, both principal and interest payable at Dallas, Texas, for value received. This note, to the extent of the amount mentioned herein, represents money this day borrowed by us from the said M. S. Lewin, and to secure the credit thus, the following lot or parcel of land: N. ½ of lots 7 and 8 of the Huey and Keith subdivision of block 226 of H. & T. C. R. R. addition to the city of Corsicana as per map or plat thereof recorded in the office of county clerk, Navarro county, Texas, which said land is fully described in said deed of trust."

The note further provided that failure to pay any installment of interest due on it would at the election of the holder mature the note. It also contained the usual 10 per cent. attorney's fee clause. The deed of trust executed to secure this note described it and recited that it was executed for the purpose of securing its payment according to its tenor and effect. In her application for an injunction, filed February 8, 1918, Mrs. Randall alleged the following as to the $1,000 note and deed of trust:

"Plaintiff would show to the court that on or about the 18th day of April, 1917, one John P. Randall, and said defendant, Morris S. Lewin, entered into some character of partnership for the purpose of opening and conduct-

ing a certain plumbing business in the city of Corsicana, Tex., and that on said date plaintiff, with said John P. Randall, executed a purported promissory note in the sum of $1,000 to said defendant, Morris S. Lewin, which, at ,the time, was supposed to represent a half interest in said contemplated business enterprise, and on the same date plaintiff executed a purported deed of trust on the north half of lots 7 and 8, as above set out," etc.

This pleading was sworn to by Mrs. Randall.

The articles of partnership provided that the said John P. Randall was to have the active control and management of the partnership business, and that he would execute a bond guaranteeing the performance of his part of the business undertaking, and that he would faithfully account for any moneys collected under the partnership agreement. There was no bond made so far as the record shows, but on April 18, 1917, the same date the partnership contract was signed, and on the same date that the $1,000 note and the deed of trust securing it were executed by Mrs. Randall, she executed on the back of the articles of partnership between Lewin and her minor son, John P. Randall, a guaranty contract in the following language:

"For value received, I guarantee the faithful performance by John P. Randall of the above contract and his faithful performance of all the conditions and stipulations as contemplated in the said contract and during the life of said contract to the extent of one thousand dollars ($1,000.00) waiving protest and notice by default in payment and specially agree that all payments in contemplation thereof shall be due and payable and venue shall lie in Dallas, Dallas county, Texas, and secured by deed of trust on the N. ½ of lots 7 and 8 of the Huey and Keith subdivision of block 226 of H. & T. C. R. R. addition to the city of Corsicana as per map or plat thereof of record in the office of county clerk, Navarro county, Texas."

On the same day, April 18, 1917, Mrs. Randall executed a second deed of trust on the same property in Corsicana, which recites the following as its purposes and conditions:

"This conveyance is in trust, however, for the following purposes, and upon the following conditions, to wit:

"If I, the said Mrs. Ora D. Randall, shall well and truly pay off and discharge, when the same shall become due to the tenor and effect thereof, one certain article of partnership of even date herewith executed by and between John P. Randall and Morris S. Lewin, and especially the guarantee therein provided duly signed and executed by the undersigned, providing for the faithful performance by John P. Randall of all the conditions and stipulations as contemplated in the said contract and during the life of said contract to the extent of one thousand dollars ($1,000.00), waiving protest, and notice by default in payment as therein provided, then this conveyance shall become null and void; but if default shall be made in the payment of said note [the word note being scratched through with ink, and written over it] 'obligation or guaranty,' or any of them, or any installment of interest thereon, when the same ,shall become due, or in case of the breach of any of the agreements or covenants herein mentioned, or in any case herein provided, then at the reqeust of the legal holder of said note [the word note being scratched through with ink, and written over it] 'guaranty,' or any of them, the said trustee, or his successors appointed hereunder, is hereby authorized and empowered to sell the property."

It is undisputed that the partnership as thus entered into commenced operation shortly after the agreement was made and continued to operate some three or four months thereafter, when Randall terminated it. Lewin testified that he put into the partnership one Ford truck, accepted at the value of $250, and that he shipped merchandise from his place of business in Dallas to the Corsicana place of business during the period of time that the partnership was operated in the sum of $2,000 or more. The record shows that John P. Randall put nothing in the business except his labor; and concerning the articles of partnership he testified:

"At the time I entered into the articles of partnership with Mr. Lewin on the 18th day of April, 1917, I was 20 years old. At the time I executed the articles of partnership with him, I was 20 years old then. I was working for Morris S. Lewin in Dallas, and I had worked for him about a month, I guess, or maybe a few days over or a few days under, and Lewin and I seemed to get along all right. He was a great fellow to want to spread out. At that time I think he was doing a school job in Denton—I know he had a shop up there—and he had in his mind to open a place in Wichita Falls or Corsicana, and he propositioned me on the matter, to go in with him, and I told him I didn't have any money, and he said that would not make any difference, if I could secure him in some way he would provide money enough to start in business, and I could pay him back; that I would make enough to pay him back; so that's the way the deal went through, and we drew up those papers there in Mr. Flippen's office in Dallas."

"What it states in these articles of partnership that I contributed was not money. It was in the form of a note, and outside of that I did not contribute anything else to the partnership."

He further testified that on July 1st Mr. Lewin stopped his checking account; and, further:

"I cannot estimate how much that business owed when Mr. Lewin came down there and took charge of it. I cannot say how much goods Mr. Lewin sent down there from his business in Dallas from the time we started to the time he took charge in July. I have not paid any debts that the Corsicana Plumbing Company owes."

Mrs. Randall testified that she went to Dallas in November, 1916, and returned to Corsicana April 20, 1917; that the deeds of

trust in question were executed on April 18, 1917, at Dallas. She further testified:

"After I signed the deeds of trust in Dallas they were delivered to Mr. Lewin. I suppose he took them after I signed them. He was right there. I guess he got them; I don't remember about it, but I think I signed the deeds of trust in Dallas; they were delivered to Mr. Lewin and he took them off with him. I was in Mr. Flippen's office in Dallas."

She further testified concerning the $1,000 note:

"At the time of the agreement of partnership between my son, John P. Randall, and Morris S. Lewin, the part I played was just as joint surety to carry out my son's part of the contract. Mr. Lewin wanted some security that John could pay for one-half interest in the business."

W. H. Flippen, the attorney who drew the two deeds of trust in question, testified as follows, to wit:

"Both of the deeds of trust about which I have been questioned were prepared by me personally except the typewriting, which was done by my stenographer. When I drafted deed of trust No. 1 it was upon the representation made to me by Mrs. Ora D. Randall and her son, John P. Randall, in the presence of Mr. Lewin and in my office, though Mr. Randall had made such representations prior to the coming of Mrs. Randall. On these representations and others similar I made and prepared the second deed of trust so that my answer would be that the instruments were prepared on the information furnished by Mrs. Randall and her son, such representations, however, being in the presence of Mr. Lewin."

He further testified in substance that the first deed of trust was executed upon the representation of Mrs. Randall and her son, John P. Randall; that it was to secure the note for $1,000 given in payment of the half interest in the partnership business entered into between Lewin and John P. Randall, and they explained to him that by the second deed of trust Mrs. Randall was putting up her property as security for the faithful performance of her son as to a partnership agreement; further, to protect Mr. Lewin against any indebtedness due by said son, John P. Randall, created by the operation of the business.

There may be some conflicting statements in general terms by Mrs. Randall and her son as to the purpose or purposes for which the deeds of trust were executed, but this confusion we think arises from the fact that there were two separate and distinct deeds of trust, which on their face show to have been executed for separate and distinct purposes and conditions, and represent separate and distinct contracts between the parties, and the liability arising from them being in no way connected.

We think this proof clearly establishes that the $1,000 note was executed to Lewin individually and in payment for a one-half interest in the partnership business, and that the record and the instruments themselves clearly show that the second deed of trust was executed for the purpose of securing and guaranteeing to the extent of $1,000 John P. Randall's faithful performance of his part of the partnership agreement, and account to the partnership for all of the money collected for the partnership under his management thereof. The cause of action relating to this deed of trust went out of the case on a plea of limitation. Our conclusion being as stated as to the note, other questions raised become immaterial, and the trial court's judgment is therefore affirmed in all things.

Affirmed.